894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Sherrill MABRY, Defendant-Appellant.
 No. 89-5613.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 20, 1989.
Decided: Jan. 11, 1990.
 
 George V. Laughrun, II, Goodman, Carr, Nixon & Laughrun, on brief, for appellant.
 Thomas J. Ashcraft, United States Attorney; Carl Horn, Chief Assistant United States Attorney, on brief, for appellee.
 Before K.K. HALL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jack Sherrill Mabry was accused of counterfeiting by altering $1.00 bills through substituting corners from $50.00 bills. When inquiry was made of his conduct, he asserted that, if the bills were counterfeit, he was unaware of the fact at the time he passed them. Consequently, the government introduced, over strenuous objection, evidence showing that Mabry had been convicted of adding $20.00 bill corners to $1.00 bills some twelve years before.
 
 
 2
 Mabry seeks to rely, as compulsion for exclusion of the twelve-year-old evidence, on Federal Rule of Evidence 404(b) on the grounds that the prejudice outweighed its relevance. He also contended in one case that in view of the unavailability of the note which had been turned over to the government but lost by the time of trial the matter of the counterfeit character of the note could not properly be shown because all basis of comparison between altered notes and genuine ones was lacking.
 
 
 3
 However, witnesses appeared at trial to assert that the $1.00 bills that had been altered appeared genuine to them. In addition, it is difficult to contemplate an attempted scam of the nature employed here which would not resort to the bills of lesser value, i.e., genuine $1.00 bills, in order to create the appearance of $50.00 bills. That is especially true in the case of someone who had already been demonstrated to have succumbed to the temptation to alter $1.00 bills to appear like $20.00 bills at some previous time. That evidence certainly was not merely to indicate criminal disposition but rather to show that Mabry's claim he lacked knowledge of the counterfeiting of $1.00 bills to appear to be $50.00 bills was misplaced.
 
 
 4
 Mabry also sought support for reversal of the case from an anonymous letter to the trial judge following conviction indicating that the author, possibly as stated a petit juror, had engaged in sexual acts with a prostitute who was one of the complaining witnesses. The letter indicated that the author was by no means convinced that his knowledge of the complaining witness had in any way influenced his vote on the matter. Such a collateral reference to items not in any way relevant to the offense charged are by no means sufficient to justify reversal.
 
 
 5
 The briefs and record of the case have enabled us to reach our conclusion without the benefit of oral argument, and the case is, accordingly,
 
 
 6
 AFFIRMED.